**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

Miguel Ramos, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                       *Plaintiff,*

            -*against*-

Tire Pro NYC LLC, 123Tires and Service LLC, Aharon Biton, and Kijana Noel,

                       *Defendants*.

---------------------------------------------------------------------X

Index No.: 23-cv-09146

**FIRST AMENDED COMPLAINT**

      Plaintiff Miguel Ramos ("Plaintiff" or "Ramos"), on behalf of himself and others similarly situated, by and through the undersigned attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Tire Pro NYC LLC, 123Tires and Service LLC (together, the "Corporate Defendants"), Aharon Biton and Kijana Noel (together, the "Individual Defendants", and collectively, the "Defendants"), and states as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the FLSA, and violations of Articles 6 and 19 of the NYLL and their supporting NYDOL regulations.

      2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

      3.    The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF MIGUEL RAMOS**

6.      Plaintiff Ramos was employed as a service writer at Defendants' tire shop and automotive service center known as "Tire Pro NYC" located at 1291 Utica Ave., Brooklyn, NY 11203.

7.      Plaintiff Ramos was employed as a non-managerial employee at Tire Pro NYC from on or around August 2023 to, through and including, October 2, 2023.

8.      At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT TIRE PRO NYC LLC**

9.      Upon information and belief, Defendant Tire Pro NYC LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at: (i) 1291 Utica Ave., Brooklyn, NY 11203, and alternate addresses at: (ii) 10584 Flatlands 5th Street, Brooklyn, NY, 11236; and (iii) 7014 13th Avenue, Suite 202, Brooklyn, NY, 11228.

10.     At all times relevant to this Complaint, Defendant Tire Pro NYC LLC: (i) has had

and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

11. At all times relevant to this Complaint, Defendant Tire Pro NYC LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

12. At all times relevant to this Complaint, Defendant Tire Pro NYC LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

13. Defendant Tire Pro NYC LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

14. Defendant Tire Pro NYC LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT 123TIRES AND SERVICE LLC**

15. Upon information and belief, Defendant 123Tires and Service LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at: (i) 1291 Utica Ave., Brooklyn, NY 11203, and alternate addresses at: (ii) 10584 Flatlands 5th Street, Brooklyn, NY, 11236; and (iii) 7014 13th Avenue, Suite 202, Brooklyn, NY, 11228.

16. At all times relevant to this Complaint, Defendant 123Tires and Service LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

17. At all times relevant to this Complaint, Defendant 123Tires and Service LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

18. At all times relevant to this Complaint, Defendant 123Tires and Service LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

19. Defendant 123Tires and Service LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

20. Defendant 123Tires and Service LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT AHARON BITON**

21. Defendant Aharon Biton is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22. Defendant Aharon Biton is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

23. Defendant Aharon Biton possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

24. Defendant Aharon Biton determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25. At all times relevant to this Complaint, Defendant Aharon Biton was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

26. The true name of Defendant Aharon Biton is unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to state their true name when they have been ascertained.

**DEFENDANT KIJANA NOEL**

27. Defendant Kijana Noel is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28. Defendant Kijana Noel is sued individually and in their capacity as an owner, officer and/or agent of the Corporate Defendants.

29. Defendant Kijana Noel possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

30. Defendant Kijana Noel determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

31. At all times relevant to this Complaint, Defendant Kijana Noel was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and

employed employees, including Plaintiff.

32. The true name of Defendant Kijana Noel is unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to state their true name when they have been ascertained.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

33. Defendants own, operate and/or control the tire shop and automotive service center known as Tire Pro NYC.

34. The Individual Defendants possess operational control over the Corporate Defendants, possess an ownership interest in the Corporate Defendants, and control significant functions of the Corporate Defendants.

35. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

37. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

38. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

39. Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fail to operate the Corporate Defendants

6

as entities legally separate and apart from themselves, by, among other things:

    a.  failing to adhere to the corporate formalities necessary to operate the Corporate Defendants separate and legally distinct entities; defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    b.  transferring assets and debts freely as between all Defendants;

    c.  operating the Corporate Defendants for their own benefit as the majority shareholders;

    d.  operating the Corporate Defendants for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

    e.  intermingling assets and debts of their own with the Corporate Defendants;

    f.  diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

    g.  other actions evincing a failure to adhere to the corporate form.

40. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

41. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

42. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

43. Plaintiff and other similarly situated individuals all shared similar job titles,

training, job descriptions and job tasks, during the statutory period.

44. Plaintiff was an employee of Defendants.

45. Plaintiff was employed as a service writer at Tire Pro NYC.

46. From approximately August 2023 to, through and including, October 2, 2023, Plaintiff worked at Tire Pro NYC: five (5) days per week: from 8:00 a.m. to 5:00 p.m. (*i.e.*, 9 hours per day), for a total period of approximately 45 hours during each of the weeks, respectively.

47. From approximately August 2023 to, through and including, October 2, 2023, Plaintiff was paid a flat salary of $800 per week.

48. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

49. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

50. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

51. Plaintiff was not required to keep track of their time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected their actual hours worked.

52. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

53. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

54. Defendants did not give any notice to Plaintiff of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

55. Defendants' failure to provide accurate wage notices and accurate wage statements denied Plaintiff their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

56. Moreover, Defendant's breach of these obligations injured Plaintiff by denying Plaintiff the right to know the conditions of their compensation, resulting in the underpayment of wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

57. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to service writers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

58. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

59. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

60. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to

notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq.*)

61. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

62. At all relevant times to this action, Plaintiff is a covered, non-exempt employees within the meaning of the FLSA.

63. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

64. Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the FLSA.

65. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

66. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

67. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

68. Plaintiff is a covered, non-exempt employees within the meaning of the NYLL and supporting NYDOL Regulations.

69. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

70. Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the NYLL.

71. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

72. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

73. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

74. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

75. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

11

76. Due to Defendants' violations of NYLL §195 (1), Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

77. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

78. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

79. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members

      of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the FLSA Collective Plaintiffs;

d.    declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.    declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

f.    awarding Plaintiff unpaid overtime wages;

g.    awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

h.    awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

i.    awarding Plaintiff pre- and post-judgment interest under the NYLL;

j.    awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

k.    Such other relief as this Court deems just and proper.

Dated: New York, New York
       May 29, 2024

                                    Respectfully submitted,

                                    By: /s/ Jason Mizrahi
                                         Jason Mizrahi
                                         Joshua Levin-Epstein
                                         Levin-Epstein & Associates, P.C.
                                         60 East 42nd Street, Suite 4700
                                         New York, New York 10165
                                         Tel: (212) 792-0048
                                         Email: Jason@levinepstein.com
                                         *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*